**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No.:_____

Joseph Bobko, *individually and on behalf of*
*all others similarly situated*,

                         Plaintiff,

        v.

The Kroger Co. d/b/a King Soopers; and
DOES 1-10, inclusive

                         Defendants.

---

**CLASS ACTION COMPLAINT**

---

Plaintiff Joseph Bobko, individually and on behalf of all others similarly situated, sues

Defendant The Kroger Co. d/b/a King Soopers ("Kroger"), and states as follows:

**NATURE OF THE ACTION**

1.      Plaintiff seeks damages and injunctive relief resulting from the illegal actions of

Kroger in contacting Plaintiff and Class members on their cellular telephone for non-emergency

purposes using a prerecorded message or artificial voice in direct contravention of the Telephone

Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").   The TCPA prohibits

telemarketing calls to cellular telephones using prerecorded or artificial voices without prior

express written consent of the called party.

2.      The TCPA regulates, among other things, the use of prerecorded messages and use of automatic telephone dialing systems ("ATDS"), or "autodialers." 47 U.S.C. § 227(b)(1)(A)(iii). Specifically, the TCPA prohibits the use of prerecorded messages or autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. 47 C.F.R. §64.1200(a)(2).

3.      According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

4.      On February 15, 2012, the FCC revised its rules implementing the TCPA to require prior express written consent for all autodialed or prerecorded telemarketing calls to wireless numbers. *In re Rules and Regulations Implementing the TCPA*, 27 FCC Rcd. 1830, 1838-40 (2012). Pursuant to FCC rules, effective October 16, 2013, unambiguous written consent is required before a telemarketer makes an autodialed or prerecorded call to a wireless number, and there is no exception for telemarketers that have an established business relationship with the consumer.

## PARTIES, JURISDICTION AND VENUE

5.      Bobko is and at all times mentioned herein was an individual person residing in Evans, Colorado.

6.      Kroger is an Ohio corporation that maintains its headquarters at 1014 Vine Street, Cincinnati, OH 45202.   Kroger is "one of the world's largest grocery retailers, with fiscal 2014

sales of $108.5 billion."[1]  Kroger operates 2,625 grocery retail stores in 34 states[2] and nearly 2,000 retail pharmacies in 31 states.[3]

7.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

8.      Personal jurisdiction and venue in this District are proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred here.

9.      Does 1-10 are third parties who, upon information and belief, placed Kroger's automated calls, and whose identities are currently unknown to the Plaintiff.   One or more Does may be joined once their identities are disclosed through discovery.[4]

## CLASS ACTION ALLEGATIONS

10.     Kroger operates nearly 2,000 chain pharmacy stores throughout 31 states.

11.     To sell more medications, Kroger sends automated calls featuring prerecorded messages to consumers asking them to refill their prescription medications at Kroger pharmacies ("Refill Reminder Calls").

12.     These calls are unsolicited.   Indeed, Kroger places the prerecorded calls to consumers who have not enrolled in an auto-refill plan with Kroger.   Rather, Kroger makes the Refill Reminder Calls to encourage consumers to purchase another round of medication from Kroger.

13.     When the Refill Reminder Calls are made, the customer has no outstanding order with Kroger nor have they requested or consented to these calls.

---

[1] http://www.thekrogerco.com/about-kroger (last visited Apr. 14, 2015).
[2] http://www.thekrogerco.com/about-kroger/operations (last visited (Apr. 14, 2015).
[3] https://www.kingsoopers.com/topic/pharmacy (last visited Apr. 14, 2015).
[4] Plaintiff believes one or more of the calls was made on Kroger's behalf by Krosource, LLC d/b/a Koncert IT Solutions. *See* http://www.todayspulse.com/news/news/local/kroger-confirms-pharmacy-call-center/nNSPS/ (last visited Apr. 14, 2015).

14.     Because the prerecorded calls were for telemarketing purposes, Kroger was required to have express written consent prior to making the calls.

15.     Kroger was also required to allow consumers to opt out of these calls via an automated, interactive voice-and/or key press-activated opt-out mechanism and to honor requests by consumers to opt out.

16.     Prior to making the prerecorded calls, Kroger did not obtain express written consent of consumers, including Plaintiff, as required by the TCPA.

17.     In addition, Kroger did not comply with the TCPA's requirements for allowing consumers, including Plaintiff, to opt out of the prerecorded calls.

## INDIVIDUAL PLAINTIFF'S ALLEGATIONS

18.     Plaintiff filled a prescription with Kroger pharmacy.   Plaintiff did not personally give Kroger his cell phone number in connection with his prescription or for any other reason.

19.     Plaintiff did not enroll with Kroger in any auto-refill program.   Rather, Plaintiff placed his refill orders by calling his local King Soopers location located in Greeley, Colorado.

20.     In or around April of 2014, Kroger began placing automated voice messages to Plaintiff's cellular telephone number, 970-xxx-9669.   The calls were placed from phone numbers 970-339-1717 and 970-392-4150.

21.     Plaintiff never provided express written consent to receive prerecorded or artificial voice calls to his cellular telephone from Kroger.

22.     Plaintiff was annoyed and disturbed by the automated calls.   On multiple occasions, Plaintiff called the Greeley, Colorado King Soopers pharmacy, spoke to the pharmacy manager and requested that the calls stop.   The pharmacy manager ensured Plaintiff that the calls would stop.   The calls did not stop.

23.     Plaintiff again called King Soopers and spoke to a district manager, who also ensured the calls would stop.   Nonetheless, the calls continued.

24.     On the automated calls, there was no way to speak to a live person to request that the calls stop, nor was there an automated prompt whereby Plaintiff could make the request. Accordingly, Kroger failed to comply with the TCPA's requirement that consumers be allowed to opt out via an automated, interactive voice-and/or key press-activated opt-out mechanism.

## CLASS ALLEGATIONS

25.     Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf the following Class and sub-class:

TCPA Class

**All persons in the United States to whose cellular telephone number Kroger placed a non-emergency telephone call   using an artificial or prerecorded voice and/or automatic telephone dialing system within four years of the complaint where Kroger did not have express written consent to call said cellular telephone number.**

26.     Plaintiff represents and is a member of the TCPA Class.  Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

27.     Plaintiff does not know the exact number of members in the Class, but based upon the size, national scope of Kroger and the automated nature of the prerecorded messages, Plaintiff reasonably believes that the Class numbers in the thousands.

28.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical

suits. The Class can be identified easily through records maintained by Kroger.

29.     There are questions of law and fact common to the members of the Class which predominate over any questions that affect only individual Class members. Those common questions of law and fact include, but are not limited to, the following:

        i.        Whether Kroger engaged in a pattern of using artificial or prerecorded voices to place calls to cellular phones;

        ii.        Whether the calls at issue were for telemarketing purposes;

        iii.        Whether Kroger had prior express consent to place the calls;

        iv.        Whether Kroger failed to allow consumers to opt out of the calls; and

        v.        Whether Kroger willfully violated the TCPA.

30.     As a person who received telephone calls from Kroger using an artificial or prerecorded voice to his cellular phone relating to prescription medications without having given prior express written consent, Plaintiff asserts claims that are typical of the members of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the class, and has no interests which are antagonistic to any member of the Class.

31.     Plaintiff has retained counsel experienced in handling class action claims, including class claims involving violations of federal and state consumer protection statutes such as the TCPA.

32.     A class action is the superior method for the fair and efficient adjudication of this controversy.  Class-wide relief is essential to compel Defendant to comply with the TCPA. The interest of individual Class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages for violation of the TCPA are small in comparison to the costs and expenses of litigation of such claims.  Management of

these claims is likely to present few difficulties because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones as Kroger did not attempt to obtain consent required by the TCPA prior to placing the calls.

33.     Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I – VIOLATIONS OF THE TCPA

34.     Plaintiff incorporates the allegations of Paragraphs 1 through 36 as if fully set forth herein.

35.     Plaintiff brings this claim on behalf of the Class.

36.     Kroger made unsolicited telemarketing telephone calls to the wireless telephone number of Plaintiff and the other Class members using a prerecorded or artificial voice. These phone calls were made without the prior written express consent of Plaintiff or the other Class members.

37.     Kroger has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice."

38.     Each of the aforementioned calls by Kroger constitutes a violation of the TCPA.

39.     In addition, Kroger failed to allow Plaintiff and members of the Class to opt out of receiving the calls in violation of 47 C.F.R. § 64.1200.

40.     Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

41.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

### COUNT II – WILLFUL VIOLATIONS OF THE TCPA

42.     Plaintiff incorporates the allegations of Paragraphs 1 through 36 as if fully set forth herein.

43.     Plaintiff brings this claim on behalf of the Class.

44.     Kroger made unsolicited telephone calls to the wireless telephone number of Plaintiff and the other Class members using prerecorded or artificial voices.

45.     These phone calls were made without the prior written express consent of Plaintiff or the other members of the Class.

46.     Kroger has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice."

47.     Each of the aforementioned calls by Kroger constitutes a willful violation of the TCPA.

48.     In addition, Kroger failed to allow Plaintiff and Class members to opt out of receiving the calls in violation of 47 C.F.R. § 64.1200.

49.     Plaintiff and the members of the Class are entitled to an award of $1500.00 in statutory damages for each willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

50.     Plaintiff and Class members are also entitled to and do seek injunctive relief

prohibiting Defendant's violation of the TCPA in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and

the Class and against Defendant for:

   A.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3);

   B.  Injunctive relief prohibiting such violations of the TCPA by Defendant

in the future;

   C.  An award of attorneys' fees and costs to counsel for Plaintiff and the

Class;

   D.  Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on issues so triable.

Dated: April 15, 2015      Respectfully submitted,

         By: */s/ Jenny DeFrancisco*
           Jenny DeFrancisco
           LEMBERG LAW, LLC
           1100 Summer Street, 3rd Floor
           Stamford, CT 06905
           Telephone: (203) 653-2250
           Facsimile:   (203)  653-3424
           *Attorneys for Plaintiff*