**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00798-PAB-MJW

JOSEPH BOBKO, individually and on behalf of all other similarly situated

    Plaintiff

v.

THE KROGER CO., d/b/a King Soopers; and DOES 1-10, inclusive

    Defendants

**DEFENDANT THE KROGER CO.'S ANSWER
TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant The Kroger Co. ("Kroger") hereby files this Answer to the Complaint of Plaintiff Joseph Bobko, individually and on behalf of all others similarly situated ("Plaintiff"). As its First Defense, Kroger responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

**NATURE OF THE ACTION**

1. Kroger admits that this action purports to relate to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"). Kroger denies the remaining allegations in Paragraph 1 of Plaintiff's Complaint.

2. The allegations in Paragraph 2 of Plaintiff's Complaint state legal conclusions to which no response is required. Kroger denies any allegations in Paragraph 2 that are inconsistent with governing legal authorities.

3. The allegations in Paragraph 3 of Plaintiff's Complaint state legal conclusions to which no response is required. Kroger denies any allegations in Paragraph 3 that are inconsistent with governing legal authorities.

4. The allegations in Paragraph 4 of Plaintiff's Complaint state legal conclusions to which no response is required. Kroger denies any allegations in Paragraph 4 that are inconsistent with governing legal authorities.

## PARTIES, JURISDICTION, AND VENUE

5. Kroger is without sufficient information to admit or deny the allegations set forth in the first sentence of Paragraph 5 of Plaintiff's Complaint, and therefore denies them.

6. Kroger admits that it is an Ohio corporation with its headquarters at 1014 Vine Street; Cincinnati, Ohio, 45202. Further responding, Kroger admits that it has used the words and statistics quoted in Paragraph 6, or similar words and statistics, on its website.

7. The allegations in Paragraph 7 of Plaintiff's Complaint state legal conclusions to which no response is required. Kroger denies any allegations in Paragraph 7 that are inconsistent with governing legal authorities.

8. The allegations in Paragraph 8 of Plaintiff's Complaint state legal conclusions to which no response is required. Kroger denies any allegations in Paragraph 8 that are inconsistent with governing legal authorities.

9. The allegations in Paragraph 9 of Plaintiff's Complaint state legal conclusions to which no response is required. Kroger denies any allegations in Paragraph 9 that are inconsistent with governing legal authorities.

## CLASS ACTION ALLEGATIONS

10.   Kroger denies the allegations in Paragraph 11 of Plaintiff's Complaint as stated. Further responding, Kroger states that it currently operates 2,111 pharmacies in 31 states and the District of Columbia.

11.   Kroger denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12.   Kroger denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13.   Kroger denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14.   To the extent that the allegations in Paragraph 14 of Plaintiff's Complaint state legal conclusions, no response is required. Kroger denies the remaining allegations in Paragraph

15.   To the extent that the allegations in Paragraph 15 of Plaintiff's Complaint state legal conclusions, no response is required. Kroger denies the remaining allegations in Paragraph

16.   Kroger denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17.   Kroger denies the allegations in Paragraph 17 of Plaintiff's Complaint.

## INDIVIDUAL PLAINTIFF'S ALLEGATIONS

18.   Kroger admits that Plaintiff filled prescriptions with Kroger pharmacy. Kroger denies the allegation stated in Paragraph 18 of Plaintiff's Complaint that Plaintiff did not provide Kroger with his cell phone number in connection with his prescription medications or for any other reason.

19.   Kroger admits the allegations in Paragraph 19 of Plaintiff's Complaint. Further responding, Kroger states that it did not make any attempt to reach Plaintiff by telephone to remind Plaintiff to refill his prescription medications at Kroger.

20.   Kroger admits that on certain occasions it, through its third party vendor, attempted to reach Plaintiff by telephone using telephony systems in or around April 2014 in

relation to Plaintiff's prescriptions that he had left to be filled at Kroger pharmacy being ready for pick up. Kroger denies the remaining allegations in Paragraph 20.

21. Kroger denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Kroger is without sufficient information to admit or deny the allegations set forth in the first sentence of Paragraph 22 of Plaintiff's Complaint, and therefore denies them. Kroger denies the remaining allegations stated in Paragraph 22.

23. Kroger denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Kroger admits the allegations in the first sentence of Paragraph 24 of the Complaint, except that Kroger denies any inference or legal conclusion that it was required to provide a mechanism to opt out of the calls made to Plaintiff. Kroger denies the remaining allegations in Paragraph 24.

## **CLASS ALLEGATIONS**

25. In response to the allegations in Paragraph 25 of Plaintiff's Complaint, Kroger admits that Plaintiff purports to bring this claim on behalf of a class. Kroger further admits that Plaintiff purports to define the class as stated in paragraph 25. Kroger denies that this matter may be properly maintained against it as a class action. Except as expressly admitted, Kroger denies the allegations in paragraph 25.

26. The allegations in Paragraph 26 of Plaintiff's Complaint contain legal conclusions to which no response is required. Kroger denies any allegations in Paragraph 26 that are inconsistent with governing legal authorities. Further responding, Kroger denies that this matter may be properly maintained against it as a class action.

27. The allegations in Paragraph 27 of Plaintiff's Complaint contain legal conclusions, to which no response is required. Kroger denies any allegations in Paragraph 27

that are inconsistent with governing legal authorities. Further responding, Kroger denies that this matter may be properly maintained against it as a class action.

28. The allegations in Paragraph 28 of Plaintiff's Complaint contain legal conclusions, to which no response is required. Kroger denies any allegations in Paragraph 28 that are inconsistent with governing legal authorities. Further responding, Kroger denies that this matter may be properly maintained against it as a class action.

29. The allegations in Paragraph 29 of Plaintiff's Complaint contain legal conclusions, to which no response is required. Kroger denies any allegations in Paragraph 29, including all of its subparts, that are inconsistent with governing legal authorities. Further responding, Kroger denies that this matter may be properly maintained against it as a class action.

30. The allegations in Paragraph 30 of Plaintiff's Complaint contain legal conclusions, to which no response is required. Kroger denies any allegations in Paragraph 30 that are inconsistent with governing legal authorities. Further responding, Kroger denies that this matter may be properly maintained against it as a class action.

31. Kroger is without sufficient information to admit or deny the allegations set forth in the first sentence of Paragraph 31 of Plaintiff's Complaint, and therefore denies them.

32. Kroger denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33. Kroger denies the allegations in Paragraph 33 of Plaintiff's Complaint.

## COUNT I–VIOLATIONS OF THE TCPA

34. Kroger incorporates by reference its responses to Paragraphs 1 through 33 of Plaintiff's Complaint as if fully set forth herein.

35. Kroger admits that Plaintiff purports to bring this claim on behalf of a class. Further responding, Kroger denies that this matter may be properly maintained against it as a class action.

36. Kroger denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37. Kroger denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38. Kroger denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39. Kroger denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40. Kroger denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41. Kroger denies the allegations in Paragraph 41 of Plaintiff's Complaint.

## COUNT II–WILLFUL VIOLATIONS OF THE TCPA

42. Kroger incorporates by reference its responses to Paragraphs 1 through 41 of Plaintiff's Complaint as if fully set forth herein.

43. Kroger denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44. Kroger denies the allegations in Paragraph 44 of Plaintiff's Complaint.

45. Kroger denies the allegations in Paragraph 45 of Plaintiff's Complaint.

46. Kroger denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47. Kroger denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48. Kroger denies the allegations in Paragraph 48 of Plaintiff's Complaint.

49. Kroger denies the allegations in Paragraph 49 of Plaintiff's Complaint.

50. Kroger denies the allegations in Paragraph 50 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

Kroger denies that it is liable to Plaintiff for any of the requests for relief set forth in the Prayer for Relief.

Kroger further denies, generally and specifically, any and all allegations in Plaintiff's Complaint not specifically admitted in the paragraphs above. Kroger further states that its investigation of the present matter is ongoing. Accordingly, Kroger reserves the right to amend this Answer. Kroger denies any and all allegations contained in the headings and/or unnumbered paragraphs in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Kroger and fails to state facts sufficient to entitle Plaintiff to the relief sought.

### SECOND DEFENSE

Plaintiff's claims fail because Kroger had prior express consent for all telephone calls placed to a cellular telephone number.

### THIRD DEFENSE

Plaintiff's claims are barred to the extent that Kroger has substantially complied with the requirements of the TCPA.

### FOURTH DEFENSE

To the extent that any violations are established, which are denied, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### FIFTH DEFENSE

Plaintiff has suffered no actual damages as a result of Kroger's purported violations.

### SIXTH DEFENSE

Plaintiff cannot recover from Kroger to the extent that he has failed to mitigate any alleged damages or take other reasonable steps to avoid or reduce his damages.

**SEVENTH DEFENSE**

Plaintiff's claims are barred to due Plaintiff's unclean hands.

**EIGHTH DEFENSE**

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiff's claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and any claims of putative class members; Plaintiff and his counsel are unable to fairly and adequately protect the interests of the putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

**NINTH DEFENSE**

Plaintiff's Complaint fails to the extent that it is barred by the applicable statute of limitations.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff and the putative class members lack standing.

**ELEVENTH DEFENSE**

Kroger reserves the right to assert any additional affirmative defenses and matters in avoidance which may be disclosed during the course of additional investigation and discovery.

WHEREFORE Kroger respectfully prays that this Court grant it the following relief:

(a) Judgment in its favor on each and every Count in Plaintiff's Complaint;

(b) An award of Kroger's costs and attorneys' fees incurred in connection with this action;

(c) Kroger demands a trial by jury on all triable issues in this action; and

(d) Such further relief as this Court deems necessary and proper.

Respectfully Submitted this 8th day of June, 2015.

>*/s/ Debra K. Sutton*
>Debra K. Sutton
>Scott C. James
>Sutton | Booker | P.C.
>26 W Dry Creek Circle, #375
>Littleton CO 80120
>303.730.6204
>dsutton@suttonbooker.com
>*Counsel for Defendant The Kroger Co.*

## CERTIFICATE OF SERVICE

I certify that on this 8th day of June, 20015, a copy of the foregoing ***Defendant The Kroger Co.'s Answer to Plaintiff's Class Action Complaint*** was filed with the Clerk of the Court using the CM/ECF system, and the following were served through the Court's CM/ECF system:

Jenny DeFrancisco
Stephen F. Taylor
Lemberg Law, LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905

*/s/ BreAnne Olsen*