IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:15-cv-00798-PAB-MJW

Joseph Bobko, *individually and on behalf of all others similarly situated*,

    Plaintiff,

The Kroger Co. d/b/a King Soopers,

    Defendant.

## STIPULATED ORDER TO PROTECT PRIVATE AND OTHER CONFIDENTIAL INFORMATION (Docket No 24-1)

**WHEREAS**, Plaintiff Joseph Bobko ("Plaintiff") and Defendant the Kroger Co. d/b/a King Soopers ("Kroger") are parties in the above-captioned action; and

**WHEREAS**, certain materials and information likely to be disclosed during the pendency of this case or as part of discovery may contain private information, including private health care information protected by state and federal law, and/or may contain confidential, proprietary, and/or trade secret information; and

**WHEREAS**, the parties wish to ensure that any such private or confidential information shall not be used for any purpose other than the above-captioned action and only as permitted by this Stipulated Order To Protect Private And Other Confidential Information (the "Confidentiality Order"); and

**WHEREAS**, each of the parties recognizes that use, disclosure or dissemination of such information other than as expressly permitted herein may cause harm to private

EXHIBIT A

individuals or to the entity to which the information belongs and each of the parties represents that it has no intention to use any private or confidential information obtained from the other for any purpose other than the above-captioned action and any judicial review thereof;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties and their respective attorneys, as follows:

1. This Confidentiality Order governs the handling of documents, responses to document requests, interrogatories, requests for admissions, or other information requests, deposition testimony, and other written, recorded, graphic, or other matter produced in the above-captioned action ("Discovery Material"), which has been designated as "Confidential" by any party. Discovery Material which has been designated as "Confidential" and/or information derived from Discovery Material which has been designated "Confidential" is referred to herein as "Confidential Material."

2. Confidential Material shall be used only for the prosecution and/or defense of this action or any appeal therefrom, and for no other purposes whatsoever.

3. Under no circumstances, other than those specifically provided for in this Confidentiality Order, as otherwise required by law, or with the express and specific consent in writing of the party or third party, which produced the Confidential Material (the "Producing Party") shall a party receiving Confidential Material (the "Receiving Party") in any way whatsoever reveal, disclose or otherwise make known Confidential Material to any person other than the following:

    (a) the Receiving Party or any officer, director, employee, agent, or legal partner of a Receiving Party (or a parent, subsidiary or affiliate of that Receiving Party);

2

(b) counsel of record in this action for the Receiving Party and employees of such counsel assisting in the conduct of this action;

(c) expert witnesses, provided such expert witnesses first agree in writing in the form attached hereto as Exhibit A to be bound by the terms of this Confidentiality Order and confirm that they have read the Confidentiality Order in its entirety;

(d) witnesses at a deposition or trial. Any witness at a deposition will be asked to be bound by this Confidentiality Order, but any refusal to be bound will not preclude Receiving Party from using Confidential Material although any such witness shall not be allowed to keep any exhibits that are designated Confidential. Any request to designate any Confidential Materials Confidential for trial must be brought by separate motion.

(e) prospective third party witnesses from whom the Receiving Party, in good faith, intends to elicit testimony relating to such Confidential Material, affidavit form, provided such anticipated witnesses first agree in writing in the form attached hereto as Exhibit A to be bound by the terms of this Confidentiality Order and confirm that they have read the Confidentiality Order in its entirety;

(e) the personnel of the Court in which this action has been filed in the ordinary course of this action; and

(f) court reporters who record testimony taken in the course of this litigation.

4. A Producing Party, including any third parties, may designate Discovery Material as "Confidential" if such party believes that the Discovery Material constitutes or

3

would disclose private, confidential or proprietary information within the following categories of information: (a) personnel or private information of patients, consumers, or employees not parties to this action; (b) previously non-public financial or business information relating to the business or financial performance of Kroger's; (c) previously non-public business plans, product development information, marketing plans, contracts or commercial communications with third parties, or any trade secret; (d) information of a personal or intimate nature regarding any individual; (e) health care, pharmacy, medical, or financial information regarding any individual including information protected by the Health Insurance Portability and Accountability Act of 1996 and other state and federal laws; or (f) any other category of information hereinafter given confidential status by the Court. Discovery Material may be designated "Confidential" by placing the legend "Confidential" on each page prior to production or, with respect "to a multi-page document, by placing the legend "Confidential" on the first page of the document, provided the multi-page document is securely bound. Deposition testimony may be designated as "Confidential" by providing notice at the deposition or as soon as practicable thereafter that specified portions of the deposition testimony shall be treated as Confidential Material.

5. An inadvertent failure to designate any Discovery Material as "Confidential" pursuant to Paragraph 4 may be corrected by written notice to the Receiving Party given as soon as practicable. However, such written notice shall not prejudice the right of the Receiving Party to treat the Discovery Material as non-confidential during the period in which it was not designated as "Confidential" pursuant to this Confidentiality Order.

6. Any party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached after counsel has conferred in person or via telephone, the producing party must seek relief by contacting the Court and following the procedures set forth for resolving discovery disputes as set forth in the Court's individual rules, the Local Rules and Fed. R. Civ. P. 26(c). Confidential Material shall remain confidential until otherwise ordered by the Court.

7. Third parties who have received Confidential Information shall be permitted to invoke the terms of this Confidentiality Order for protection of their Confidential Materials as if they were a party.

8. Nothing in this Confidentiality Order shall prevent any party from seeking or requiring confidentiality protections beyond those called for in this Confidentiality Order or from seeking modification to this Confidentiality Order.

9. Upon conclusion of this action and any appeals thereof, all Confidential Material and all copies thereof, together with any written agreement signed by an individual to whom Confidential Material was disclosed pursuant to Section 3(c) and 3(d) of this Confidentiality Order, shall, at the request of the Producing Party, be destroyed or be returned to counsel of record for the Producing Party within thirty (30) days of the request of the Producing Party. The foregoing shall not apply to electronically stored information that is in possession of counsel which is subject to that counsel's procedures for safeguarding client information or attorney work product, including notes or summaries although any such information maintains its Confidential designation and protections.


Dated this 29th day of June, 2015

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:15-cv-00798-PAB-MJW

Joseph Bobko, *individually and on behalf of all others similarly situated*,

    Plaintiff,

The Kroger Co. d/b/a King Soopers,

    Defendant.

## AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER

I, _____, declare and say that:

1. My address is _____
_____.

2. I have received a copy of and have carefully read the Confidentiality Order entered in *Bobko v. The Kroger Co. d/b/a King Soopers*, Case No. 1:15-cv-00798-PAB-MJW.

3. I promise that I will comply with all of the provisions of the Confidentiality Order.

4. I promise that I will use any and all "Confidential" information, as defined in the Confidentiality Order, given to me only in a manner authorized by the Confidentiality Order, and only to assist counsel in the litigation of this matter.

5. I promise that I will not disclose or discuss such "Confidential" information with anyone other than the persons described in paragraphs 3 of the Confidentiality Order.

7

6. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Colorado with respect to enforcement of the Confidentiality Order.

7. I understand that any disclosure or use of "Confidential" information in any manner contrary to the provisions of the Confidentiality Order may subject me to sanctions for contempt of court.

8. At the request of counsel for the party by whom I am retained, or from whom I received the "Confidential" information, I will destroy or return all "Confidential" information that comes into my possession, and documents or things that I have prepared relating thereto.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____        _____